DANIELS, Respondent, vs. McCORMICK, Appellant.
DANIELS, Appellant, vs. McCORMICK, Respondent.

*February 24 — March 16, 1894.*

*Partnership: Purchase of land by one partner with firm moneys: Agreement as to interest on moneys invested in land.*

1. One member of a firm engaged in banking and dealing in real estate took money from the bank without the knowledge of his partner, and purchased land, taking the title in his wife's name. *Held,* that such land should be treated as firm property and that the profits of the transaction should be shared accordingly.
2. Under an agreement in respect to their dealings in real estate that the partner who furnished all the capital should have interest on the money invested in lands, he was not entitled to interest where, as an incident of the business of loaning money, lands were taken in payment of debts due the firm.

Daniels vs. McCormick.

APPEALS from the Circuit Court for *Oneida* County.

This was an action for the settlement of partnership accounts and dealings. From the judgment of the circuit court both parties appeal.

For the plaintiff there was a brief by *Alban & Barnes*, and oral argument by *John Barnes*.

For the defendant there were briefs by *Mylrea, Marchetti & Bird*, and oral argument by *C. B. Bird*.

NEWMAN, J. The plaintiff and defendant entered into a copartnership to do a banking business at Rhinelander, Wis., on August 16, 1886. The plaintiff was to furnish all the capital, and the defendant was to manage the business. The profits and losses of the business were to be divided equally. The business of the firm was carried on under this agreement until February, 1889, when a third partner was received into the firm under a new contract of copartnership. This action involves only transactions by the first copartnership. The defendant urges four errors in the decision of the circuit court:

1. It appears that, soon after the commencement of business by the firm, the defendant, without the consent of the plaintiff, commenced to take, from time to time, from the moneys of the bank, moneys which he used for his own purposes. These moneys ("overdrafts," as they are called) at times amounted to upwards of $3,000. In the adjustment of the accounts of the firm, the circuit court allowed interest to the plaintiff on these overdrafts. This the defendant assigns as error. It might be a matter of some doubt whether a court of equity would decree interest to be paid in these circumstances, in the absence of an agreement to pay interest. But there was evidence of a later agreement to pay interest on the overdraft, sufficient to support the judgment in that regard. So no error is found in this assignment of error.

Daniels vs. McCormick.

2. The firm afterwards dealt in real estate. On May 27, 1887, and about the time when the firm began to deal in real estate, the defendant bought two city lots with money which he took from the bank without the knowledge of the plaintiff, and took the title in the name of his wife. This money was a part of the overdraft. The circuit court held that these lots should be treated as firm property. There was profit from the transaction. This, the court held, should be divided equally between the parties. There was no error in this. Bates, Partn. § 790, and cases cited.

3. The court found that the parties made an express agreement governing their dealings in real estate, to the effect that the plaintiff should have ten per cent. interest on the money so invested, and that after such interest had been awarded to the plaintiff the remaining profits, if any, and the losses, should be equally divided between them. There was evidence sufficient to sustain this finding.

4. The firm took the title to an undivided interest in a tract of land in payment of a debt due to the firm. The court held, on conflicting evidence, that this land was taken for an investment. There was a loss upon this transaction. The court held this to be a partnership loss. There was no error in this decision. This court does not reverse the findings of the trial court when the record fails to show that they are clearly against the weight of testimony. *Klein v. Valerius, ante,* p. 54.

This disposes of the defendant's appeal.

The question presented by the plaintiff's appeal is this: The firm became possessed of real estate in two ways: (1) That bought for investment. (2) That which was taken in payment of debts due the firm. That which was bought for an investment is conceded to have been governed by the contract cited. Plaintiff was to have ten per cent. interest on his money invested, and to share profits. On that which was taken in payment of debts due to the firm, he claims

that he should have interest as well. The circuit court held that he was not entitled to interest. This seems to be correct. This matter was governed by the original copartnership agreement. The profits and losses were to be divided equally. The taking of real estate in payment of debts due the firm was merely incidental to the carrying on of the business of loaning money. Probably, this phase of the business was not foreseen at the time of making the contract, and for that reason was left without special provision.

*By the Court.*— The judgment of the circuit court is affirmed on both appeals. No costs are allowed to either party. The defendant must pay the clerk's costs of this court.